THE CONNECTICUT BANK *v.* A. L. GREER ET AL.

**Consolidated Cause—Agreed Order As To Proof Evidence.**

A consent order was made in these consolidated cases in the following words: "It is agreed among the parties hereto, that the evidence now in the case, and that hereafter to be taken, may be read, and made to apply in each of these consolidated cases." Held, that by this order all the evidence taken in each and all the cases was before the court and should have been considered by the chancellor in each case.

APPEAL FROM KENTON CIRCUIT COURT.

September 17, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

Appellant, a judgment creditor of A. L. Greer with an execution returned and endorsed by the proper officer *"No property"* instituted this action with attachment in the Kenton Circuit Court against A. L. and Thomas Greer to subject various parcels of real estate in the city of Covington specifically described in the petition to the satisfaction of its judgment, of which it alleges A. L. Greer is the owner; but that Thomas Greer claimed them under certain conveyances which A. L. Greer had made and called to be made to him with the fraudulent design to hinder and prevent the creditors of A. L. Greer, who was heavily indebted at the time, from collecting their debts, that the considerations recited were pretended, and unreal, and that Thomas Greer participated in said fraudulent design, and accepted the conveyance to carry out and perfect the fraud.

Other creditors of A. L. Greer brought their actions against him and Thomas Greer, and caused attachments to issue all of which together with that of appellant were levied on the property conveyed by the former to the latter, the actions were all consolidated to be heard together, and on final trial, the court below dismissed the petitions of appellant, of the Covington and Cincinnati Bridge Company and of Richard Ashcraft for the reason as stated in the opinion that there was no proof to sustain the issue presented in the pleadings, and adjudged to John W. Finnell, Commissioner of the Kentucky Trust Company, the sum of eight thousand eighty-seven dollars 95 cents with interest from the 1st of January, 1866,

till paid and his costs, and a foreclosure of the equity of redemption of A. L. Greer and Thomas Greer in the property described in the mortgage to said Finnell filed as an exhibit, and a sale of so much as should be necessary to pay said debt. To Isaac Cooper the sum of two thousand five hundred and fifty-two dollars and 50 cents with interest from the 1st of January, 1866, till paid and his costs, and a sale of the property described in the mortgage filed by him as an exhibit, or so much thereof as should be necessary to pay the same. And that the attachments of L. C. and H. T. Pearce, and of Thomas Phillips be sustained and that they respectively have their liens on the property described in the mortgages to Finnell, and to Cooper, subject to said mortgages, and that so much of said property should be sold as would be required to pay said Pearce the sum of $1,998.28-100 and interest from the 1st of January, 1866, till paid and costs, and Phillips the sum of $5,606.31-100 with interest from January the 1st, 1866, until paid and costs the Pearces having the priority over Phillips, and if the property mortgaged to Finnell, and to Cooper should prove insufficient to pay their debts, and those of the Pearces, and Phillips, the deficit was to be made by a sale of the other attached property after paying to the Pearces the money which had been paid into court by some of the debtors of the Greers or one of them, and the master ordered to make the sale upon terms prescribed in the judgment. And so much of said judgment as dismissed the petition of the Connecticut Bank with costs is now complained of, and a reversal to that extent sought by this appeal.

As the indebtedness of Thomas Greer to the bank is not controverted in the answers, and is fully shown by copies of the judgment and execution filed as exhibits by appellant, the defect, or want of proof therefore suggested in the opinion must relate to the question of fraud and grounds for the attachment, and whether or not the conclusion of the court below as to these points was correct is the only question involved in this issue.

On the 18th day of April, 1862, a consent order was made in these consolidated cases in the following words: "It is agreed among the parties hereto, that the evidence now in the case, and that hereafter to be taken, may be read, and made to apply in each of these consolidated causes." By this order all the evidence taken in each and all of the cases consolidated was before the court on the trial of appellant's case, and if it authorized a judgment in

favor of the Pearces, and Phillips, appellant's right to recover was precisely the same as theirs.

The whole of this very voluminous record has been carefully read, and without entering upon a discussion in detail, or an analysis of the evidence it must suffice that it satisfies us that the real estate attached by appellant should have been subjected to the satisfaction of its debt, or to the residue thereof after allowing all proper credits, to be postponed however, to the prior equities and liens of Finnell Commissioner, Cooper, the Pearces, and R. Phillips.

It will be proper to refer the case to the master to ascertain and report the true amount due appellant from A. L. Greer, and for that purpose it may be necessary to sell the bank stock, and all the stocks and collaterals placed with appellant by A. L. Greer.

Wherefore, the judgment so far as it dismissed appellant's petition is *reversed,* and the cause is remanded for a judgment and further proceedings consistent with this opinion.